**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4448**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE JIMENEZ GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:16-cr-00017-MR-DLH-1)

Submitted: March 23, 2017                                    Decided: March 31, 2017

Before MOTZ and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

John Parke Davis, Interim Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Jimenez Garcia appeals his sentence of 48 months imposed following conviction for illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). He contends that the district court committed procedural error by failing to explicitly address his nonfrivolous argument for a lower sentence based on a not-yet-effective Guideline amendment. *See* U.S. Sentencing Guidelines Manual app. C. supp., amend. 802 (amending illegal reentry guideline, USSG § 2L1.2). We vacate Garcia's sentence and remand this case to the district court for further proceedings.

We generally review a sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 137 S. Ct. 320 (2016). If a sentence is unreasonable, reversal is required unless the government shows that the error was harmless. *United States v. Martinovich*, 810 F.3d 232, 242 (4th Cir. 2016). However, when a defendant raises a sentencing issue that was not properly preserved in the district court, we review the issue for plain error only. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (citing *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010)).

The parties dispute the proper standard of review. Garcia contends that he properly preserved this issue, and thus, we should review for abuse of discretion. The Government contends that Garcia did not preserve his claim, and thus, we should review for plain error.

A party need not "formulaic[ally]" object to a perceived error in order to preserve that issue for appellate review. *Lynn*, 592 F.3d at 577. Instead, a party "may preserve a claim of error by informing the court—when the court ruling or order is made or sought—

2

of the action the party wishes the court to take." *Id.* (quoting Fed. R. Crim. P. 51(b)) (emphasis omitted).

We conclude that Garcia has sufficiently preserved his claim for appellate review. Garcia's counsel spent a significant amount of time discussing the then-proposed Guideline and its effect on Garcia's sentence. Counsel proffered what Garcia's new offense level and Guidelines range would be: with an adjusted offense level of 15, and after applying a 2-level reduction for a total offense level of 13, the Guidelines range would be 24 to 30 months. Furthermore, counsel stated, "And I point this out because the Court can consider it, I believe, in whether or not a variance is appropriate in this case." (J.A. 54). Although it perhaps would have been preferable had Garcia, through his counsel, explicitly moved for a variance, such a motion was not necessary. Instead, Garcia was required to "draw[] arguments from § 3553 for a sentence different than the one ultimately imposed," as doing so "sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments." *Lynn*, 592 F.3d at 578. Counsel's argument did just that. Thus, we review Garcia's claim for abuse of discretion.

In determining procedural reasonableness of the sentence, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Gall*, 552 U.S. at 49-51.

3

A district court "need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). But "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 2448 (2016). We may not presume that "the district court has silently adopted arguments presented by a party." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). As a result, we must review a sentence based on the reasons the district court provided, and "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Id.* at 329-30.

Here, as the Government concedes, the district court did not explicitly consider Garcia's argument that it should apply the proposed Guideline to Garcia's sentence. The Government is correct that the court discussed the "sentencing factors it found most relevant to its determination." (Appellee's Br. at 12). But the court must also indicate that it "has considered the parties' arguments" in imposing a sentence, *Rita v. United States*, 551 U.S. 338, 356 (2007), and there is simply nothing in the record to show that the court considered Garcia's nonfrivolous argument that the proposed Guideline should apply to his sentence. With the district court having failed to articulate why it rejected Garcia's argument, we are unable to provide "meaningful appellate review" of Garcia's sentence.

4

*See Gall*, 552 U.S. at 50. As a result, we conclude that the district court committed procedural error. *See Carter*, 564 F.3d at 330.

Furthermore, we conclude the error was not harmless. Garcia proffered the expected Guidelines range of 24 to 30 months if the court applied the proposed Guideline, which is lower than the 48-month sentence he ultimately received. *See Martinovich*, 810 F.3d at 243. As a result, we cannot say, with "fair assurance, that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (ellipsis and internal quotation marks omitted).

Accordingly, we vacate Garcia's sentence and remand this case to the district court for further proceedings. We express no opinion, however, as to the sentence to be imposed on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

5